(Reap. Dec. 9110)

BORDER BROKERAGE CO. *v.* UNITED STATES

Entry No. 05–6580, etc.

(Decided March 26, 1958)

*Lawrence & Tuttle; Barnes, Richardson & Colburn (Hadley S. King* of counsel) for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Richard E. FitzGibbon,* trial attorney), for the defendant.

WILSON, Judge: The merchandise in these consolidated appeals consists of certain machinery exported from Canada and entered at the port of Blaine, Wash.

At the trial, the case was submitted upon the following agreement entered into between counsel for the respective parties:

MR. KING. As to certain X-ray surface diamond drill and parts thereof indicated on the invoices with the symbol "XR" with or without other symbols or numerals, that such merchandise was exported from Canada to the United States; that on or about the date of exportation, such or similar merchandise was not freely offered for sale for home consumption in Canada or for export to the United States; that on or about the date of exportation, such or similar imported merchandise was not freely offered for sale in the United States.

We further offer to stipulate that the cost of production of such merchandise, that such cost as defined in section 402 (f) of the Tariff Act of 1930, is the invoice unit price, less 10%.

MR. FITZGIBBON: That is agreed to by the Government.

JUDGE WILSON: Let the stipulation show on the record.

On the agreed facts, I find and hold that cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)), is the proper basis of value for the merchandise in issue, and that said value is represented by the invoice unit prices, less 10 per centum trade discount in each case.

Judgment will issue accordingly.